Pritpal SINGH, Petitioner,

v.

Peter D. KEISLER,* Acting Attorney General, Respondent.

No. 06–73860.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 10, 2007 **.

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suit-

Filed Nov. 1, 2007.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Daniel E. Goldman, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM ***

Pritpal Singh (Singh), a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial by an immigration judge (IJ) of his requests for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the adverse credibility finding under the substantial evidence standard and will uphold the decision unless the evidence compels a contrary conclusion. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir.2004). We deny the petition.

Substantial evidence supports the adverse credibility determination. Singh's testimony regarding material events lacked consistency and plausibility. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1152–53 (9th Cir.1999). For example, Singh testified that his brothers were detained by the police, beaten, and fled the country in 1999. Singh could not recall whether his brothers were detained for three days or a week. Singh testified that he took no action concerning his brothers' treatment because he was afraid of further reprisals. However, years later, he made a spontaneous public challenge to a speaker at a political gathering in 2004. He testified that this single event of political expres-

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sion in 2004 led to his arrest, and, after his release, he went in hiding from the police. However, the government submitted several documents stating that only high-profile Sikh militants are at risk in India.[1]

Because Singh failed to establish eligibility for asylum, he has necessarily failed to meet the more stringent standard for withholding of removal. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1097 (9th Cir. 2005). Singh has also failed to meet the standard for CAT relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003); *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

1. Because substantial evidence supports the adverse credibility determination, we need not analyze the agency's alternative holding that Singh was not a high-profile Sikh militant and could safely relocate within India.